STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 13-0637**  (BOR Appeal No. 2048025)
                    (Claim No. 2009072164)

**JAMES W. WOLFE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Huntington Alloys Corporation, by Steven Wellman, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated May 17, 2013, in which the Board affirmed a December 27, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's November 15, 2010, decision granting Mr. Wolfe a 3% permanent partial disability award, and granted him an additional 7% permanent partial disability award for a total award of 10% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 4, 2008, Mr. Wolfe filed an application for workers' compensation benefits alleging that he injured his shoulders through repetitive use while performing his occupational duties as a locomotive operator. On July 15, 2010, the Office of Judges held the claim compensable for bilateral rotator cuff sprain/strain/tear/impingement syndrome as an occupational disease. Mr. Wolfe has undergone surgical repairs of both rotator cuff tears. On October 22, 2010, Marsha Lee Bailey, M.D., performed an independent medical evaluation. She determined that Mr. Wolfe has 4% whole person impairment as a result of range of motion

1

deficits in the right shoulder, with 2% of the impairment attributable to non-occupational degenerative changes. She also determined that he has 1% whole person impairment as a result of range of motion deficits in the left shoulder. Dr. Bailey then recommended that Mr. Wolfe receive a 3% permanent partial disability award. On November 15, 2010, the claims administrator granted Mr. Wolfe a 3% permanent partial disability award based on Dr. Bailey's recommendation.

Bruce Guberman, M.D., performed an independent medical evaluation on June 2, 2011. He determined that Mr. Wolfe has 5% whole person impairment as a result of range of motion deficits in the right shoulder, and 5% whole person impairment as a result of range of motion deficits in the left shoulder. He recommended that Mr. Wolfe receive an additional 7% permanent partial disability award, for a total award of 10%. Dr. Guberman opined that apportionment should not occur in the instant claim. He then stated that because Mr. Wolfe is alleging that he was injured through the repetitive use of his shoulders and because Mr. Wolfe's pre-existing conditions are the result of repetitive use of his shoulders, any pre-existing degenerative changes are therefore part of the compensable injury.

Paul Bachwitt, M.D., performed an independent medical evaluation on September 11, 2012. He determined that Mr. Wolfe has 4% whole person impairment as a result of range of motion deficits in the right shoulder, with 2% of the impairment attributable to non-occupational degenerative changes. He also determined that Mr. Wolfe has 4% whole person impairment as a result of range of motion deficits in the left shoulder, with 2% of the impairment attributable to non-occupational degenerative changes.

In its Order reversing the November 15, 2010, claims administrator's decision, the Office of Judges held that Mr. Wolfe has 10% whole person impairment attributable to his compensable conditions, and is therefore entitled to an additional 7% permanent partial disability award. Huntington Alloys Corporation disputes this finding and asserts that based upon the evidence of record, Mr. Wolfe is entitled to no more than a 4% permanent partial disability award for his compensable conditions.

The Office of Judges noted that Dr. Guberman determined that apportionment should not occur in the instant case. After reviewing Dr. Bailey's, Dr. Bachwitt's, and Dr. Guberman's recommendations regarding the amount of Mr. Wolfe's whole person impairment, the Office of Judges determined that Dr. Guberman's findings are the most credible in light of the nature of Mr. Wolfe's compensable conditions. Therefore, the Office of Judges awarded Mr. Wolfe an additional 7% permanent partial disability award in accordance with Dr. Guberman's opinion. The Board of Review reached the same reasoned conclusions in its decision of May 17, 2013. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II